**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Vincent Fitzgerald,<br><br>  Petitioner,<br><br>v.<br><br>Ryan Thornell[1], et al.,<br><br>  Respondents. | No. CV-19-05219-PHX-MTL<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

In his habeas petition, Fitzgerald claims two errors under *Simmons v. South Carolina*, 512 U.S. 154 (1994). (Docs. 21 at 265–77 and 35 at 270–86.) In *Simmons*, the Supreme Court held that the accused has a due process right to inform the jury that he is ineligible for parole in deciding whether to sentence him to death. 512 U.S. at 156. The Supreme Court later reversed the Arizona Supreme Court's decision that *Simmons* did not apply to another death-sentenced prisoner in *Lynch v. Arizona*, 578 U.S. 613 (2016) (per curiam). Respondents filed their answer to Fitzgerald's petition, and the Court stayed the deadline for Fitzgerald's reply "until 30 days after" the United States Supreme Court's decision in *Cruz v. Arizona* (*Cruz II*), 142 S. Ct. 1412 (U.S. Mar. 28, 2022) (Mem.), in which the Supreme Court granted certiorari to consider the Arizona Supreme Court's decision that *Lynch* was not a significant change in the law that applied to other death-sentenced petitioners. (Docs. 52 and 56.) This Court reasoned that a decision in *Cruz II*

---

[1] Under Federal Rule of Civil Procedure 25(d), Ryan Thornell is automatically substituted for Respondent David Shinn as his successor in office.

"impacts" Fitzgerald's *Simmons* claims. (Doc. 56 at 3.)

On February 22, 2023, the United States Supreme Court issued its decision in *Cruz II*, reversing the Arizona Supreme Court's holding that *Lynch* "was not a significant change in the law for purposes of [Arizona Rule of Criminal Procedure] 32.1(g)"[2] and that the Arizona Supreme Court's decision therefore did not rest on an adequate and independent state-law ground barring a successive petition for postconviction relief. *Cruz II*, 143 S. Ct. 650, 655 (Feb. 22, 2023). The Supreme Court thus vacated the Arizona Supreme Court's judgment and remanded the case. *Id*. at 662. The Arizona Supreme Court ordered the parties to file supplemental briefs on the merits of Cruz's *Simmons* claims. (Doc. 57-1 at 2, Order in *State v. Cruz* (*Cruz I*), No. CR-17-0567-PC.)

Fitzgerald now asks this Court to extend the stay of the deadline for his reply pending a decision in *Cruz*. (Doc. 57.) Respondents do not oppose the request. (*Id*. at 2.) Because a decision in that case may bear on Fitzgerald's *Simmons* habeas claims, this Court will grant Fitzgerald's request.

Accordingly,

**IT IS ORDERED granting** Fitzgerald's Unopposed Motion to Extend Stay (Doc. 57).

**IT IS FURTHER ORDERED staying** the deadline for Fitzgerald to file a reply to Respondents' Answer pending the Arizona Supreme Court's decision on remand in *Cruz I*.

**IT IS FURTHER ORDERED** that starting from this Order's filing date, the parties shall file a joint report every **90 days** on the status of *Cruz I*.

…

…

…

---

[2] Rule 32.1(g) allows a defendant "to bring a successive petition [for postconviction relief] if 'there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence.'" *Cruz II*, 143 S. Ct. at 655 (quoting Ariz. R. Crim. P. 32.1(g) (Cum. Supp. 2022)).

1  **IT IS FINALLY ORDERED** that within **14 days** of the decision on remand in
2  *Cruz I*, Fitzgerald shall file a status report, proposing a briefing schedule for this federal
3  habeas case. Fitzgerald shall include Respondents' position on this proposal.
4  Dated this 10th day of March, 2023.

Michael T. Liburdi
United States District Judge