**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Vincent Fitzgerald,<br>Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>Respondents. | No. CV-19-05219-PHX-MTL<br>**ORDER** |

The Court has considered Petitioner John Vincent Fitzgerald's motion to reconsider the Court's September 1, 2023 Order denying his motion to stay and hold this case in abeyance. (Docs. 69, 115.) Respondents oppose the motion. (Doc. 117.)

**I.**

Motions to reconsider should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (citations omitted). Under Local Rule of Civil Procedure 7.2(g)(1), the Court will typically deny a motion to reconsider unless there is a "showing of manifest error or . . . new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." The Ninth Circuit has held that a motion to reconsider should be granted only when (1) the Court receives "newly discovered evidence," (2) the Court "committed clear error," (3) "the initial decision was manifestly unjust," or (4) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Mere disagreement with a prior order does not warrant reconsideration. *See Leong*

*v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Thus, a motion to reconsider should not repeat any prior argument. LRCiv 7.2(g)(1). Nor should it ask the Court to "'rethink what [it] had already thought through—rightly or wrongly,'" *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), or "raise arguments . . . for the first time" that "could reasonably have been raised earlier in the litigation," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**II.**

This Court's September 1, 2023, Order denied Petitioner's motion to stay this case under *Rhines v. Weber*, 544 U.S. 269 (2005),[1] while he pursues a successive post-conviction relief ("PCR") petition for unexhausted ineffective assistance of counsel claims ("IAC") in Arizona Superior Court. As Petitioner alleged, trial counsel was ineffective for failing to request a jury instruction on parole ineligibility under *Simmons v. South Carolina*, 512 U.S. 154 (1994), where his future dangerousness was allegedly at issue and he was ineligible for parole under Arizona law. (Doc. 35 at 283–294.)

Approximately two years later, on September 23, 2025, the Supreme Court of Arizona decided *State v. Traverso*, 576 P.3d 97 (Ariz. 2025). *Traverso* held that Rule 32.2(a)(3), Arizona Rules of Criminal Procedure, allowed that defendant to raise, in a successive PCR petition, an unexhausted IAC claim for his trial counsel's failure to communicate the prosecution's plea offer and PCR counsel's failure to raise the issue in his initial PCR. *Id*. at 107. As the court held, "whether to accept a tendered plea offer and plead guilty . . . implicates a defendant's Sixth Amendment right to make his defense, which is personal, and . . . must be honored out of that respect for the individual which is the lifeblood of the law." *Id.* at 106–07 (citation modified). This right is of "sufficient constitutional magnitude to require a defendant's knowing, voluntary, and personal waiver

[1] "Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

for purposes of Rule 32.2(a)(3)." *Id.* at 105. The court "observe[d] that the right at issue reflects the fact that the ultimate decisions on whether to plead guilty, whether to waive jury trial, and whether to testify are to be made by the defendant." *Id.* at 106 (citation modified). This right "is 'so inherently personal that it cannot be waived by defense counsel; only the defendant can waive it.'" *Id.* at 105–06 (quoting *Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002) (en banc)).

Then, on May 4, 2026, in *Doerr v. Shinn*, 176 F.4th 1117 (9th Cir. 2026), the Ninth Circuit Court of Appeals applied *Traverso* to a petitioner's request to assert, in a second or successive PCR petition, an IAC claim relating to trial counsel's failure to conduct a mitigation investigation during the death-penalty sentencing phase. *Id.* at 1131. The two-judge majority in *Doerr* remarked that it could not "be sure what an Arizona court [would] do when asked to entertain Doerr's second PCR petition in which he asserts for the first time an IAC claim at sentencing," and further, because the Arizona courts may conclude that Doerr was "deprived of th[e] opportunity through no fault of his own," declined to hold that Rule 32.2(a)(3) precludes a successive PCR petition in state court. *Id.* at 1130–31 (quoting *State v. Diaz*, 340 P.3d 1069, 1071 (Ariz. 2014)).

**III.**

Petitioner argues that reconsideration of the September 1, 2023 Order is appropriate because both *Traverso* and *Doerr* represent intervening changes in the controlling law. Typically, under Local Rule of Civil Procedure 7.2(g)(2), "[a]bsent good cause shown," a motion to reconsider must be filed within 14 days of the order that the motion asks to reconsider. Fitzgerald asserts that he has good cause for filing his motion more than 14 days after the Court's order denying his request for a *Rhines* stay because *Traverso* and *Doerr* "postdate the Court's order denying a temporary stay of these proceedings, so they 'could not have been brought to [the Court's] attention earlier with reasonable diligence.'" (Doc. 115 at 4) (citing LR Civ 7.2(g)(1)).

**A.**

With respect to *Traverso*, the motion is untimely and without good cause to excuse

the untimeliness. This Court has not previously addressed, nor has this Court located a case in this district that has addressed, when a motion to reconsider under LRCiv. 7.2(g) is timely when it is based on a change in the law. In other words, while a change in the law can be good cause for not filing the motion for reconsideration within 14 days of the original order, the Local Rule is silent on how soon after the change in the law occurs, the motion for reconsideration is due. By analogy, in the Federal Rule of Civil Procedure 60(b) context, the Ninth Circuit Court of Appeals has stated:

> The timeliness of a Rule 60(b) motion is generally measured by reference to the date of the final judgment, order, or proceeding. *See, e.g.*, *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009). But where a change in law is the basis for the motion, the date of the challenged order provides little guidance in measuring its timeliness; valid grounds for reconsideration may arise long after a final judgment has been entered. When a Rule 60(b)(6) motion is premised on a change in law, courts measure timeliness "as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (internal quotation marks omitted); *See also Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018).
>
> To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in the finality of the judgment, and any prejudice caused to parties by the delay. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

*Bynoe v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020) (finding a two-month delay after the Petitioner was appointed counsel; and a less than seven-month delay after the intervening change in the law occurred, reasonable).

*Traverso* was decided on September 23, 2025, over eight months before the motion for reconsideration was filed on May 29, 2026. Petitioner does not explain why he waited over eight months to file the motion for reconsideration. Therefore, he has not shown that his filing of the motion for reconsideration over eight months after *Traverso* was decided was reasonable; and the Court will deny reconsideration with respect to *Traverso* on this basis. *See Basch, et al. v. Cracker Barrel Old Country Store Inc.,* No. CV-21-00940-PHX-DJH, 2026 WL 3000097, at *2 (D. Ariz. Oct. 6, 2026) ("Defendant waited months to bring this Motion [for reconsideration], and the Court therefore finds that Defendant has not shown that, with an exercise of reasonable diligence, this legal authority could not have

been brought to the Court's attention earlier.").

Alternatively, even if the Court were to consider the merits of the motion for reconsideration, it is not clear that reconsideration of the Court's prior order is warranted considering *Traverso* and the Arizona Supreme Court's holding, on those facts, setting aside automatic preclusion. In *Traverso*, the court explained that its construction of Rule 32 was consistent with its holdings in *State v. Anderson*, 547 P.3d 345 (Ariz. 2024), and *State v. Diaz*, 340 P.3d 1069 (Ariz. 2014), which require the court to "examine the facts underlying a successive IAC claim" as part of its preclusion analysis. *Traverso*, 576 P.3d at 104. *Traverso* reiterated that under Arizona law, claims of "sufficient constitutional magnitude" cannot be waived without a petitioner's knowing, voluntary, and personal waiver. *Id.* at 105. Petitioner asserts it is unclear whether the Arizona courts would find that his IAC claims are not of sufficient constitutional magnitude, (*see* Doc. 115 at 5), but he has failed to identify the constitutional rights implicated by the successive IAC claims that require a knowing, voluntary, and personal waiver before an Arizona court will consider applying the exception to waiver preclusion. Petitioner has thus failed to demonstrate that the facts underlying the IAC claims at issue in his motion requesting a stay would establish an exception to the general rule that IAC claims raised in successive PCR proceedings will be deemed waived and precluded.

Additionally, and with respect to jury instructions, the decision to request certain jury instructions is a strategic decision generally vested with trial counsel. *See Johnson v. Konteh*, 597 F. Supp. 2d 747, 751 (N.D. Ohio 2009) ("Trial counsel will often be presented with a strategic decision to either request or not request specific jury instructions at trial. Counsel will not be deemed constitutionally ineffective if they choose not to request a particular instruction, provided that such a decision constitutes sound trial strategy."); *see also* Ariz. Sup. Ct. R. 42, Ethical Rule 1.2. To be sure, pathways for ineffective assistance of counsel claims arising from erroneous jury instructions exist, such as where the decision is based on legal error. *See Crace v. Herzog*, 798 F.3d 840, 852 (9th Cir. 2015) ("A trial attorney's failure to request a jury instruction receives no deference, however, when it is

based on a misunderstanding of the law.") (citation modified).

However, the decision to request certain jury instructions does not implicate an inherently personal decision of the defendant that cannot be waived without "defendant's knowing, voluntary, and personal waiver." *Traverso*, 576 P.3d at 105. Petitioner's claim differs markedly from that in *Traverso*, where the court deemed the decision to accept or reject a plea offer "so inherently personal that it cannot be waived by defense counsel." 576 P.3d at 105–06 (citation modified).[2]

Even the most casual reading of the Supreme Court of Arizona's opinion in *Traverso*, it is apparent that the Justices chose their language carefully to achieve a narrow holding. The right to determine whether to accept a plea agreement and enter a plea of guilty, or hold the government to its burden at trial, is, without a doubt, "so inherently personal that it cannot be waived by defense counsel." *Traverso*, 576 P.3d at 105–06. Following *Traverso*'s logic in this case, it is not unclear whether "the Arizona courts would hold his claim barred." *Doerr*, 176 F.4th at 1131 (citation modified). Petitioner could have raised his *Simmons* claim in his PCR. By not doing so, it is waived.

For these reasons, even if the Court were to deem the motion for reconsideration to have been filed within a reasonable time after the decision in *Traverso*, the Court would deny reconsideration on the merits.

**B.**

The Court finds that *Doerr* does not represent "an intervening change in controlling law" that supports good cause to file a motion for reconsideration under LRCiv 7.2(g)(2) after 14 days, nor does *Doerr* restart the within a "reasonable time" clock applying Rule 60(b) by analogy. *Doerr* is no more than a derivative, or application, of *Traverso* to specific facts. There, Doerr sought to pursue a second IAC petition in state court arguing that his trial counsel was ineffective during the death-penalty sentencing phase by not investigating mitigating circumstances. 176 F.4th at 1122–23. This is no different than endless possible

[2] Had Petitioner's trial counsel failed to consult him on whether to waive a jury trial altogether, perhaps, that issue would come closer to the inherently personal right at stake in *Traverso*.

applications of *Traverso* to individual circumstances. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2020 WL 3246335, at *1 (N.D. Cal. May 28, 2020) (holding that a California Appellate Court's decision did not represent a change in the law when the Appeals Court was merely applying new facts under a previous California Supreme Court decision).

Insofar as Petitioner relies on the *Doerr* majority's application of *Traverso* to observe, "if it is not clear that the Arizona courts will apply the preclusion bar of Rule 32.2(a)(3), we should not on our own hold that the bar applies," 176 F.4th at 1131, this Court rejects it as a reason to reconsider its prior order. Crediting this statement as an intervening change in the law would undermine the concept of finality in the context of ineffective assistance of counsel claims. Indeed, it could create a perverse incentive for habeas petitioners to systematically manufacture constitutional claims challenging the decisions of trial and sentencing counsel, sometimes happening decades ago, to get endless successive IAC petitions. It seems like a stretch of logic, at least to this Court, that the Ninth Circuit has expounded a new rule of law permitting any number of successive IAC petitions raising unexhausted constitutional claims, simply because a federal court cannot or should not guess how the Arizona courts will rule on these unexhausted issues.

Moreover, for this Court to hold that *Doerr* represents a change in the law, the Court would have to conclude that the Ninth Circuit Court of Appeals interpreting and applying *Traverso* is so untethered to the Arizona Supreme Court's decision in *Traverso* that the Court of Appeals was itself creating new Arizona law. Preliminarily, this Court has serious doubts that a federal court can create new state law. But assuming it can, that is certainly not what the Ninth Circuit Court of Appeals was purporting to do in *Doerr*. It was merely applying *Traverso*. On these facts, that Court finds *Doerr* was not a change in the law, but merely an application of *Traverso* to new facts. Accordingly, the date of decision in *Traverso* is the relevant trigger for deciding whether the motion for reconsideration in this case is timely.

## IV.

For the foregoing reasons, the Court finds that Petitioner's Motion for Reconsideration fails.

Even so, the Court has separately considered Petitioner's request for the Federal Public Defender to represent him in pursuing his *Simmons* claim in state court. "Pursuant to [18 U.S.C.] § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures, a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009).

Given the potential ambiguity arising from the intersection of the Supreme Court of Arizona's *Traverso* decision, and the Ninth Circuit's decision in *Doerr*, the Court will exercise its discretion in granting Petitioner's motion only insofar as he seeks to pursue a successive IAC claim in Arizona state court. The Court ***will not*** stay this federal habeas proceeding.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (Doc. 115) is **DENIED** insofar as it seeks reconsideration of this Court's September 1, 2023 Order.

**IT IS FURTHER ORDERED** authorizing Petitioner's federal habeas counsel to represent him in his state-court proceedings on claim 13 alleging that trial counsel was ineffective for failing to request the jury be informed of his parole ineligibility under *Simmons v. South Carolina*, 512 U.S. 154 (1994).

Dated this 19th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge